Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2608 | **DATE** | 9/18/2002 |
| **CASE TITLE** | William King vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendant's motion to dismiss in part plaintiff's complaint [6-1] is granted. Defendant's motion to dismiss Count II is granted, as is defendant's motion to strike the pattern and practice and punitive damages claim. Status hearing set for 10/8/02 at 9:00 a.m. Chicago time. Plaintiff's attorney is allowed to participate via telephone and is advised to call chambers, 312/435-5610, at 9:00 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 19 2002 date docketed | |
| | Notified counsel by telephone. | | | 18 |
| | Docketing to mail notices. | | G.V. docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 9/18/2002 date mailed notice | |
| KF courtroom deputy's initials | | Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM KING, | ) |
| Plaintiff, | ) |
| | ) No. 02 C 2608 |
| v. | ) |
| | ) Mag. Michael T. Mason |
| CITY OF CHICAGO, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

This case was brought by William King, a fire paramedic for defendant City of Chicago ("City"), alleging that the City violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* In Count I, the plaintiff alleges that the City violated the ADA by denying him reemployment with the Chicago Fire Department and not providing a reasonable accommodation for his injuries. In Count II, the plaintiff alleges that the City violated the ADA when the Firemen's Annuity and Benefit Fund of Chicago ("Fund") refused to reinstate his suspended duty disability benefits. The City moves to dismiss part of plaintiff's complaint. First, the City moves to dismiss Count II, arguing that it is not the proper party. Second, the City moves to strike the pattern and practice claim, on the grounds that an individual plaintiff cannot assert such a claim and because it exceeds the scope of the plaintiff's EEOC charge. Third, the City moves to strike plaintiff's claim for punitive damages because such relief is not permitted against a municipality.

King was hired by the City as a fire paramedic in 1980 and worked in that capacity until 1996. During his employment, King suffered injuries that exacerbated a previous

back condition. Specifically, King has three disc hernias. On May 31, 1995, King injured his back on a call and the Fund provided him with duty disability benefits beginning on July 24, 1996. He received these benefits from 1996 until 2001. On May 17, 2001, the Fund rescinded King's benefits on the grounds that he was no longer disabled. On May 18, he requested re-employment with the Chicago Fire Department, and submitted to a medical test for rehire on June 11, 2001. On July 20, 2001 the Chicago Fire Department refused to rehire or accommodate King because his test showed an abnormal gait when he walked. Because the Chicago Fire Department denied him re-employment, King reapplied for his duty disability benefits from the Fund. On February 19, 2002, after a Circuit Court remand, the Fund determined that King was not entitled to a reinstatement of his benefits. Therefore, King has been without disability benefits from the Firemen Fund, or employment from the City, since May 17, 2001.

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court "must accept as true all the plaintiff's well-pleaded factual allegations and the inferences reasonably drawn from them." *Gibson v. Chicago*, 910 F.2d 1510, 1520-1521 (7th Cir. 1990). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, "the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Triad Assocs., Inc. v. Chicago Hous. Authority*, 892 F.2d 583, 586 (7th Cir. 1989).

The City moves to dismiss Count II of the complaint on the ground that it is not the proper party. The City states that the Fund has exclusive jurisdiction over disability benefits, and was statutorily created to administer the pension fund for firemen, their

widows, children and parents. 40 ILCS 5/6-101. While several of the Fund's board members are City employees, the Fund is a separate legal entity from the City of Chicago. See 40 ILCS 5/6-101 *et seq.* Therefore, the City claims it cannot be held responsible for the actions of the Fund in denying King's benefits.

To support its proposition that the City is liable for the actions of the Fund, the plaintiff cites to *Piquard v. City of East Peoria.* 887 F.Supp. 106 (C.D. Ill. 1995). In that case, a police officer was denied the opportunity to participate in the City's Police Pension Fund because of his spondylolisthesis. *Id.* at 1112. The Fund moved to dismiss Counts I and II, based on Title II of the ADA, stating that they were barred by applicable statute of limitations law. *Id.* The Fund also moved to dismiss Count IV, based on Title I of the ADA, stating that this claim was barred by §501(b) (discussing federal preemption) and §501(c) (discussing the rights of a bona fide benefit plan) of the ADA. *Id.* at 1117. The Court denied the motions. *Id.* at 1132.

While *Piquard* is a lengthy and thorough case discussing certain aspects of a relationship between a city and its firemen's pension fund, it does not address the issue before this Court today. The basic question here is whether or not the City has the power to grant the relief the plaintiff asks for in Count II, namely that the Fund reinstate his duty disability benefits. The City does not have this power. "The firemen fund is an independent statutory entity created by the Illinois legislature to administer benefits to Chicago firefighters. 40 ILCS 5/6-101 *et seq.* It is not a department of the City of Chicago or of the Chicago Fire Department. *Id.*" *Ratcliffe v. City of Chicago*, No. 01 C 1615, 2001 WL 649480, at *2 (N.D. Ill. Jun. 7, 2001). Therefore, the Fund has exclusive control over whether or not to reinstate disability benefits to King. Hence, the proper

3

party for litigation of Count II is the Firemen Fund, not the City, and we will dismiss Count II of the complaint[1].

The City next moves to strike Count II's pattern and practice claim, arguing an individual plaintiff cannot assert this claim and it exceeds the scope of the plaintiff's EEOC charge. Although the plaintiff's pattern and practice claim was dismissed with the rest of Count II, we will briefly address the City's arguments that an individual plaintiff cannot bring a pattern and practice claim, and its contention that this claim was not included within the scope of King's EEOC charge.

First, the City is correct that only the EEOC, and not an individual, can bring a pattern and practice claim. *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 360 (1977). Instead of a pattern and practice claim, an individual can bring a class action suit alleging the same types of violations.

Second, the City claims that a pattern and practice argument is outside the scope of the charge originally filed with the EEOC. However, "an inquiry into the scope of the charge always entails an inquiry beyond the face of the complaint into the legal factual allegations contained in the charge." *Babrocky v. Jewel Food Company*, 773 F.2d 857, 863 (7th Cir. 1985). While the charge itself does not mention other individuals who suffered from discrimination, the intake interview notes clearly do. Courts understand that the charges are written by lay persons, who may not have a clear grasp of the law, and it provides for a liberal interpretation of the claim. *Id.* at 864. Because King

---

[1] In any event, King cannot sue the Fund under Title I of the ADA because Title I is only applicable against an employer. 42 U.S.C. § 12111(2); *Ratcliffe*, 2001 WL 649480 at *2. Under Title II of the ADA, the Fund could be held responsible as a "public entity." 42 U.S.C. § 12131(1)(A)-(B); *Bell v. Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago*, No. 92 C 5197, 1993 WL 398612 at *4 (N.D. Ill. Oct. 6, 1993).

mentioned other individuals in his EEOC interview, he can use information about those individuals as evidence of discrimination, even without bringing a pattern or practice claim.

The City also moves to strike the request for punitive damages because punitive damages cannot be obtained from a municipality. §1981a(b)(1) states "A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*)." 42 USC §1981a (italics added). The Supreme Court addressed this issue and found, after a lengthy discussion of the history of punitive damages, that "considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials ... We hold that a municipality is immune from punitive damages under 42 U.S.C . § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Recently, the Supreme Court extended this immunity to ADA cases. *Barnes v. Gorman*, 122 S.Ct. 2097, 2103 (2002). Therefore, the request for punitive damages will be stricken from the complaint.

Defendant's motion to dismiss Count II is granted, as is defendant's motion to strike the pattern and practice and punitive damages claim. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: September 18, 2002