Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2608 | **DATE** | 10/31/2002 |
| **CASE TITLE** | King vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion for reconsideration [19-1] is denied. Status hearing set for 11/26/02 at 9:00 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 01 2002 date docketed | |
| | Notified counsel by telephone. | | | 23 |
| | Docketing to mail notices. | | G.Y. docketing deputy initials | |
| | Mail AO 450 form. | | 10/31/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| KF courtroom deputy's initials | | Date/time received in central Clerk's Office | KF mailing deputy initials | |

William N. King, )
)
    Plaintiff, )
) No. 02 C 2608
v. )
) Magistrate Judge Mason
City of Chicago, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

This matter is before the Court on the plaintiff's motion for reconsideration of our September 18, 2002 order dismissing Count II of the plaintiff's complaint. For the reasons set forth below, the plaintiff's motion is denied.

"Motions for reconsideration serve a narrow function and must be supported by a showing of extraordinary circumstances justifying relief from judgment." *John Doe v. Bd. of Education of Oak Park River Forest High School Dist.*, No. 94 C 6449, 1996 WL 197690 (N.D.Ill. April 22, 1996). District court rulings are not to be viewed "as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D.Ill. 1988). Instead, motions for reconsideration are designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

Plaintiff William King, a fire paramedic for the City of Chicago ("City"), brought a complaint against the City alleging that it violated the Americans with Disabilities Act of

1990 ("ADA"), 42 U.S.C. §§ 12101 *et. seq.* In Count II of the complaint, the plaintiff alleged that the City violated the ADA when the Firemen's Annuity and Benefit Fund of Chicago ("Fund") refused to reinstate King's suspended duty disability benefits. In our September 18, 2002 opinion, we agreed with the City that it was not the proper party for Count II since the Fund has exclusive jurisdiction over duty disability benefits. Specifically, we held that the City did not have the power to reinstate the plaintiff's duty disability benefits because the Fund is an independent statutory entity and is not a department of the City of Chicago. Therefore, we granted defendant's motion to dismiss Count II of the complaint.

The plaintiff, in asking the Court to reconsider its September 18, 2002 opinion, argues for the first time that there were actually two separate parts to Count II. The first section dealt with the plaintiff's loss of duty disability benefits, which are administered by the Fund. The second section dealt with his loss of healthcare benefits, which are administered by the City. However, neither the complaint nor plaintiff's response to defendant's motion to dismiss indicates the distinction the plaintiff is now trying to advance. The only mention of healthcare benefits in Count II is in the statement, "King, a 21 year veteran, has been without pay, disability benefits or healthcare since May 17, 2001." (Cplt., para. 55). Although the City specifically stated that it was not a proper party to Count II because it did not administer the Fund, which had denied plaintiff benefits after it determined he was fit to return to work, plaintiff never argued in his response brief that the City was a proper party because it administered his healthcare benefits.

A motion for reconsideration is an "improper vehicle to introduce evidence previously available or to tender new legal theories." *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir 1986); *see also Quaker*, 123 F.R.D. at 288 (reconsideration of final rulings will not be granted to allow the losing party to rehash oral arguments or to present new legal arguments or facts which the party could have presented during the pendency of the underlying motion). Any evidence that the City, and not the Fund, administer healthcare benefits was available to the plaintiff during the briefing on the motion to dismiss, yet he did not advance that argument. Therefore, it cannot now, on a motion for reconsideration, be brought up for the first time.

Further, even if we were to consider plaintiff's argument, we would still dismiss Count II because the new argument advanced by the plaintiff does not change the fact that it is the Fund, not the City, that controls plaintiff's receipt of benefits. Specifically, the City has a contract with plaintiff's union to provide healthcare benefits to any union member who is receiving disability benefits from the Fund. When the Fund determined that the plaintiff was not disabled, the City – pursuant to contract – ceased paying for the plaintiff's healthcare. This result stemmed solely from the Fund's decision to stop providing plaintiff with disability benefits and thus it is still the actions of the Fund, not the City, which gave rise to the cause of action in Count II. The City did not make any sort of independent determination about plaintiff's entitlement to benefits, and thus, is not the proper party.

For the reasons set forth above, the plaintiff's motion for reconsideration is denied. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: October 31, 2002