# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2608 | **DATE** | 11/3/2003 |
| **CASE TITLE** | King vs. City of Chicago et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant Board's motion to dismiss Count II of plaintiff's first amended complaint [40-1] is granted. Defendant Retirement Board is dismissed as a party to this case. Ruling on the pending defendant City's motion to strike and motion for summary judgment to follow. Enter Memorandum Opinion and Order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 0 4 2003 date docketed | 58 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | 11/3/2003 date mailed notice | |
| | KF courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
NOV 0 4 2003

| | |
|---|---|
| WILLIAM KING,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO,<br><br>Defendant. | No. 02 C 2608<br><br>Mag. Michael T. Mason |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiff William King originally filed a two count complaint against defendant City of Chicago ("City") alleging that the City violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et. seq.* King alleged that the City violated the ADA in Count I by denying him reemployment with the Chicago Fire Department and not providing reasonable accommodations for his injuries and in Count II because the Retirement Board of the Fireman's Annuity and Benefit Fund of Chicago ("Board")[1] refused to reinstate King's suspended duty disability benefits. On September 18, 2002 we dismissed Count II against the City because it was not the proper party. The Board, not the City, retained exclusive jurisdiction over duty disability benefits and thus King could not obtain the relief he was seeking in Count II from the City. In light of that decision King filed a two count First Amended Complaint substituting the Board for the City as the named defendant in Count II.

---

[1] We referred to defendant Retirement Board of the Fireman's Annuity and Benefit Fund of Chicago as the ("Fund") in previous opinions, however other case law refers to this entity as the ("Board"). For clarity, we will now refer to defendant as the Board.



Count II of the First Amended Complaint alleges that the Board violated the ADA when it refused to reinstate King's suspended duty disability benefits. The Board moves to dismiss Count II arguing that (1) this Court lacks subject matter jurisdiction to consider Count II, (2) the Board is exempt from the prohibitions of the ADA and (3) plaintiff has failed to state a claim upon which the relief he seeks can be granted. For the following reasons we grant defendant Board's motion to dismiss Count II of the First Amended Complaint.

## Background

The City hired King as a fire paramedic in 1980 and he worked in that capacity until 1996. During his employment, King suffered injuries that exacerbated a previous back condition. Specifically, King has three disc hernias. On May 31, 1995, King injured his back on a call and the Board provided him with duty disability benefits beginning on July 24, 1996. He received these benefits from 1996 until 2001. On May 17, 2001, the Board rescinded King's benefits on the grounds that he was no longer disabled. On May 18, he requested reemployment with the Chicago Fire Department, and submitted to a medical test for rehire on June 11, 2001. On July 20, 2001, the Chicago Fire Department refused to rehire or accommodate King because his test showed an abnormal gait when he walked. Because the Chicago Fire Department denied him re-employment, King reapplied for his duty disability benefits from the Board. On February 19, 2002, after a Circuit Court remand, the Board determined that King was not entitled to a reinstatement of his benefits. On November 21, 2002, the Circuit Court reversed the Board's decision to terminate King's benefits and retroactively reinstated his disability benefits. On January 8, 2003, the Board issued a retroactive payment to King for disability benefits

2

from May 17, 2001 through December 3, 2002 and also notified King that he would begin receiving his monthly duty disability payments thereafter.

## Analysis

In a motion to dismiss pursuant to Rule 12(b)(1), there is no presumption of truth for the allegations in the complaint. *Commodity Trend Service, Inc. v. Commodity Futures Trading Commission*, 149 F.3d 679, 685 (7th Cir. 1998). Instead, the court may look beyond the pleadings to any evidence which calls its jurisdiction into question. *Id.* In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court "must accept as true all of the plaintiff's well-pleaded factual allegations and the inferences reasonably drawn from them." *Gibson v. Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, "the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Triad Assocs., Inc. v. Chicago Hous. Authority*, 892 F.2d 583, 586 (7th Cir. 1989) (reversed on other grounds).

## Subject Matter Jurisdiction

We begin our analysis by establishing that this Court does have subject matter jurisdiction to hear Count II of King's claim. The Board moved to dismiss Count II pursuant to Fed. R. Civ. P. 12(b)(1), arguing that this court lacked subject matter jurisdiction to hear Count II because the Board has exclusive original jurisdiction in all matters relating to or affecting the Board pursuant to 40 ILCS 5/6-185. This argument has already been addressed and rejected in *Bell*, where the district court found that the

jurisdictional grant to the Board found in 40 ILCS 5/6-185 "seems to be limited to authorizing the payment of a benefit, and to increasing, reducing or suspending a benefit." *Bell v. Retirement Board of the Fireman's Annuity and Benefit Fund of Chicago*, No. 92 C 5197, 1993 WL 398612 at *4 (N.D. Ill. Oct. 6, 1993). The Board does not have exclusive authority to hear this federal claim under the ADA and therefore we have subject matter jurisdiction to hear Count II.

### Section 501(c) Exemption

Next the Board argues that Count II should be dismissed because the Board is exempt from such a claim pursuant to Section 501(c) of the ADA and we agree. King brought his claim against the Board pursuant to Title II of the ADA, conceding that the Board is a "public entity." All parties also agree that the Board administers bona fide benefit plans. Pursuant to Section 501(c) of the ADA, administrators of bona fide benefit plans are exempt from the provisions of the ADA and thus Count II should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See Rodriguez v. City of Aurora*, 887 F. Supp. 162 (N.D. Ill. 1995).

To avoid dismissal, King cites to the last sentence of 501(c) which provides that the provision shall not be used as a subterfuge to evade the purposes of Titles I and III of the ADA. King argues that the Board committed a subterfuge in this case by making an employment decision rather than merely administering benefits. King's subterfuge argument cannot save his claim. The subterfuge exception only applies to subchapters I and III of the ADA. *Rodriguez*, 887 F. Supp. at 164. Count II was brought pursuant to subchapter II and therefore the subterfuge argument does not apply. *Id.*

The avoid the clear mandate in *Rodriguez*, King cites *Piquard* in support of his

4

subterfuge argument. See *Piquard v. City of East Peoria*, 887 F. Supp. 1106 (C.D. Ill. 1995). However, after reviewing the lengthy opinion in *Piquard*, we find that *Rodriguez* controls the issue before this Court today.

Because we find that the Board is exempt from the claims alleged in Count II under Section 501(c) of the ADA, we will not address the Board's failure to state a claim argument or the issue of res judicata.

### Conclusion

For the reasons set forth above, defendant Board's motion to dismiss Count II of plaintiff's First Amended Complaint is granted. It is so ordered.

ENTER:

MICHAEL T. MASON

United States Magistrate Judge

Dated: November 3, 2003