Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2608 | **DATE** | 2/2/2004 |
| **CASE TITLE** | William King vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, defendant City of Chicago's motion for summary judgment as to Count I [43-1] is granted and its motion to strike plaintiff's 56.1 response [53-1] is denied as moot. Judgment is entered in favor of defendant, City of Chicago, and against plaintiff, William King. Case dismissed. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 0 — date docketed | 64 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 2/2/2004 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| KF courtroom deputy's initials | | Date/time received in central Clerk's Office | KF mailing deputy initials | |

DOCKETED
FEB 0 3 2004

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| William King, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 2608 |
| v. ) | |
| ) | Mag. Judge Michael T. Mason |
| City of Chicago, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

On April 11, 2002, plaintiff William King ("King") filed a two-count complaint against defendant City of Chicago ("City") alleging that the City violated the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seg. King alleged that the City violated the ADA in Count I by denying him reemployment with the Chicago Fire Department ("CFD") and not providing reasonable accommodations for his injuries, and in Count II because the Retirement Board of the Fireman's Annuity and Benefit Fund of Chicago ("Board") refused to reinstate King's suspended duty disability benefits ("Benefits"). On September 18, 2002, we dismissed Count II against the City because it was not the proper party. The Board, not the City, retained exclusive jurisdiction over awarding duty disability benefits and thus King could not obtain the relief he was seeking in Count II from the City.

On November 26, 2002, King filed a two-count First Amended Complaint substituting the Board for the City as the named defendant in Count II and leaving Count I unchanged. On November 3, 2003, we dismissed Count II for a second time

because the Board was exempt from the claims alleged in Count II. The only remaining claim in this case is Count I, in which King alleges that the City discriminated against him in violation of the ADA. We now address the City's motion for summary judgment on Count I. The City argues that it is entitled to a judgment as a matter of law because (1) King's claim is barred by the doctrine of res judicata; (2) King cannot establish a violation of the ADA; and (3) King cannot establish that he was denied reasonable accommodations even if he were found to be an otherwise qualified individual with a disability. In this opinion, we will also address the City's motion to strike the plaintiff's response to its 56.1 statement of undisputed material facts. For the following reasons, we grant the City's motion for summary judgment and deny its motion to strike as moot.

## Factual Background

The following facts are taken from the parties' Local Rule 56.1 statements and are uncontested. The City hired King as a fire paramedic in 1980, and he worked in that capacity until 1996. During his employment, King suffered injuries that exacerbated a previous back condition. Specifically, King has three disc hernias. On May 31, 1995, King injured his back on a call and the Board provided him with Benefits beginning on July 24, 1996. He received these Benefits from 1996 until 2001. On May 16, 2001, the Board issued a decision rescinding King's Benefits on the ground that he was no longer disabled within the meaning of 40 ILCS 5/6-153. On May 17, 2001, the rescission of King's Benefits became effective and he sent a letter to Charles Stewart ("Stewart"), the Director of Personal for the CFD, requesting reemployment with the CFD. On June 5 and 11, 2001, King underwent fitness-for-duty testing which included a medical

examination and functional capacity evaluation. On June 18, 2001, Stewart and Dr. Hugh Russell, the CFD Medical Director, determined that plaintiff was unfit for reinstatement to duties as a paramedic in charge ("PIC") with the CFD.

On June 26, 2001, King filed a two-count complaint in the Circuit Court of Cook County, Case Number 01 CH 10462 ("State Case"), which was assigned to Judge Madden. Count I was an Administrative Review Action against the Board and Count II was a mandamus action against the City and the Board pursuant to 735 ILCS 5/14-101 et. seg. In Count II, King petitioned the court to issue a writ of mandamus (1) ordering the City to reinstate him to active duty as a PIC with the CFD, or (2) ordering the Board to return him to its disability pension rolls because of his claimed disability.

After King filed his State Case, Stewart notified King in a letter dated July 20, 2001, that based on the results of his medical evaluation, his request for reinstatement to a PIC position with the CFD could not be granted. In light of the City's decision not to reinstate King to a PIC position, on August 23, 2001, Judge Madden remanded the case to the Board for reconsideration of its decision to terminate King's Benefits.

While the Board was reconsidering its decision to terminate King's Benefits pursuant to the state court remand order, King filed a charge with the EEOC on January 24, 2002. In that charge, King claimed that he had been discriminated against on the basis of his disability, in violation of the ADA. King listed July 20, 2001 as the earliest date of discrimination, but stated that he had been denied Benefits since May, 2001. On February 4, 2002, the EEOC issued King a right to sue letter based on his January 24, 2001 charge.

3

Shortly thereafter, pursuant to the remand order, the Board reconsidered all of the relevant evidence in King's record, including the CFD's July 20, 2001 letter, and again found that he was not entitled to receive disability benefits pursuant to 40 ILCS 5/6-101. The Board informed King of its decision in a February 19, 2002 letter. In light of that decision, the parties returned to state court to continue litigating King's State Case. At some point in the litigation, the State Case was transferred to Judge Quinn.[1] On November 21, 2002, Judge Quinn issued an order (1) denying King's request for a writ of mandamus against both the City and the Board, (2) reversing the Board's decision to terminate King's benefits, and (3) retroactively reinstating his disability benefits. This decision was not appealed, and thus became a final judgment.

On April 11, 2002, after receiving the EEOC right to sue letter, but before a final judgment had been rendered in state court, King filed the instant suit alleging a violation of the ADA.

## Legal Analysis

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We must evaluate the admissible evidence supporting the motion in the light most favorable to the nonmoving party.

---

[1] Unfortunately, neither side provided us with a copy of the docket from the State Case. Therefore, we cannot make conclusive findings as to some of the procedural steps in that litigation. However, it is undisputed that the case was remanded to the Board on August 23, 2001 for reconsideration of its decision to terminate King's Benefits. It is also undisputed that at some point, the case returned to the Circuit Court of Cook County and Judge Quinn issued a dispositive final judgment in the case on November 21, 2002.

4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). While the City bears the initial burden of demonstrating an absence of a genuine issue of material fact, this burden may be discharged by showing the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The City moves for summary judgment in this case on the grounds that (1) King's claim is barred by the doctrine of res judicata; (2) King cannot establish a violation of the ADA; and (3) King cannot establish that he was denied reasonable accommodations even if he were found to be an otherwise qualified individual with a disability. We find the City's res judicata argument dispositive of this case and therefore will not address its remaining two grounds for summary judgment. The City's successful res judicata argument also moots its motion to strike plaintiff's response to its 56.1 statement of undisputed facts. Both parties agree on the facts material to the City's res judicata argument. The facts that are the subject of City's motion to strike are relevant to the two latter arguments in support of its motion for summary judgment. Because we need not address those arguments, we deny the City's motion to strike as moot.

*I. Res Judicata*

Under the doctrine of res judicata, claim preclusion, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties. *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995); *River Park, Inc. v. The City of Highland Park*, 184 Ill. 2d 290, 302 (Ill.1998). This bar applies to matters actually decided in the prior suit and all issues that could have been decided during that suit. *Brzostowski*, 49 F.3d at 338; *River Park*, 184 Ill.2d at 302.

Where the plaintiff has filed a federal suit after a dispositive state court judgment, we must afford that prior judgment "the same effect that courts of Illinois would give it, had this suit been filed there." *Davis v. City of Chicago*, 53 F.3d 801, 802 (7th Cir. 1995). Moreover, the doctrine of res judicata does apply to Title VII claims; there is no special immunity. *Herrmann v. Cencom Cable Assoc.*, 999 F.2d 223, 225 (7th Cir. 1993).

For the doctrine of res judicata to apply in this case, the City must prove three elements: "(1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits." *Brzostowski*, 49 F.3d at 338. "Once these three requirements have been satisfied, a later suit should be barred." *Id*. The doctrine of res judicata "serves a vital purpose, inducing people to combine claims and theories that are efficiently litigated jointly, and preventing the waste of judicial resources that sequential suits create." *Davis*, 53 F.3d at 802.

Neither side disputes the presence of the first and third elements of the doctrine of res judicata. There is an identity of the parties. King and the City were parties in the State Case and are both parties in this federal case. There is also a final judgment on the merits of King's State Case. On November 21, 2002, Judge Quinn issued an Order (1) denying King's request for a writ of mandamus against both the City and the Board; (2) reversing the Board's decision to terminate King's benefits; and (3) retroactively reinstating his disability benefits. That decision was not appealed and became a final judgment on the merits.

### A. Identity of the Causes of Action

The sole dispute between the parties revolves around the question of whether there is an identity of the causes of action. A claim has "identity" with a previously litigated matter for the purposes of res judicata, "if it emerges from the same 'core of operative facts' as that earlier action." *Brzostowski*, 49 F.3d at 339. To determine whether res judicata applies, the court employs the "same transaction" test. *William Anderson v. Chrysler Corp.*, 99 F.3d 846, 852 (7th Cir. 1996). "Under this 'same transaction' test, once 'a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost.'" *Id.* "Transaction" is defined as "a single core of operative facts which give rise to a remedy." *Id.* The "same transaction" test focuses on "whether the multiple claims turned on the same fact." *Id.* "Under this approach, 'two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations.'" *Id.*

The City argues, and we agree, that there is an identity of the state and federal actions sufficient to satisfy the second element of res judicata. Both actions are based on a single core of operative facts: the Board's decision to terminate King's Benefits effective May 17, 2001, and the City's decision not to reinstate King upon the Board's decision that he was no longer disabled. The fact that the City did not issue an official letter notifying King of its decision until July 20, 2001 does not bar the application of res judicata. In Count II of his State Case, King requested mandamus relief ordering the City to reinstate him to a PIC position with the CFD with the same rank and grade as required by § 6-153 of the Pension Code. In support of Count II, King stated that the

7

City had refused to reinstate him and consequently he had been without salary and benefits since May 17, 2001. Furthermore, King was allowed to incorporate the CFD's July 20, 2001 decision into his State Case. After that decision was brought to Judge Madden's attention, he remanded the case to the Board for reconsideration. King also cited the letter and decision in his state court summary judgment brief and Judge Quinn incorporated those facts into his November 21, 2002 opinion.

King's federal claim is based on the same core of operative facts. King alleges that the City discriminated against him in violation of the ADA by (1) refusing to make reasonable accommodations for his known disabilities, (2) refusing to rehire him after the Board terminated his benefits on May 17, 2001, and (3) ultimately terminating his employment on July 20, 2001. The relief King seeks is twofold, he requests his salary and benefits from May 17, 2001, the time he claims the City should have rehired him and made accommodations for his disability, and reinstatement as a PIC with the CFD. King's state and federal actions are clearly based on the same core of operative facts and thus constitute an identity of action under the doctrine of res judicata.

King makes three unpersuasive arguments against this conclusion. First, King argues that his state and federal claims are based on separate and distinct facts. He argues that his state claim is based on the Board's May 16, 2001[2] decision to terminate his Benefits effective May 17, 2001, while his federal claim is based on the City's July 20, 2001 decision not to reinstate him as a PIC with the CFD. As we stated above, this argument must fail. There is a single core of operative facts that are common to both

---

[2] King's complaint misstates the date of the Board's decision as May 17, 2001. However, that minor inconsistency is not relevant to our discussion.

8

the state and federal actions. Both claims revolve around the termination of King's Benefits and the City's refusal to reinstate him as a PIC within the CFD. Morever, it appears that the July 20, 2001 letter became a basis for both claims because it was considered in the State Case.

However, even if the July 20, 2001 letter was not a basis for the State Case, both actions still have a single core of operative facts. Res judicata applies to cases where the core of operative facts can be divided into different phases. *Davis*, 53 F.3d at 803. "Although there may be different phases to an employment action, the overlap of the facts behind the entire sequence calls for common treatment." *Id.* It would be silly to break this sequence of events into little packages, and litigate it twice; once over the interim measures and again over the final decision. *Id.* "Different phases of the same basic dispute are not separate claims." *Id.* Therefore, even if the July 20, 2001 letter was not part of the State Case, the CFD's May 17, 2001 decision not to immediately reinstate King was an interim measure. The July 20, 2001 decision was the final decision. Those two incidents are different phases of a single employment action and are not separate claims.

Next, from his brief, it appears that King is under the misapprehension that his ADA claim could not have been brought with his state court mandamus action. There is no question that he could have joined additional causes of action to his state court claims. *American Nat'l Bank & Trust Co., et al. v. City of Chicago*, 636 F. Supp. 374, 379 (N.D. Ill. 1986)(*citing Skilling v. Skilling*, 432 N.E.2d 881, 886 (1st Dist. 1982)(Circuit courts have "the general power to determine all matters of controversy arising . . . by

9

reason of statute or the constitution."), *aff'd*, 826 F.2d 1547 (7th Cir. 1987). State Courts have concurrent jurisdiction with federal courts over ADA claims. *Bagnola v. City of Chicago*, 1997 WL 106126 at *3 (N.D. Ill. Feb. 12, 1997). Therefore, King's ADA claim could have been raised in his state court mandamus action. *American Nat'l Bank*, 636 F. Supp. at 379. In fact, that was the only time to do so. *Id.* "To hold otherwise would result in a piecemeal litigation by first requiring review of an administrative body's decision and then entertaining another action to test the constitutionality of such decision." *Id.*

King's last argument is closely associated with the previous argument. King argues that the filing requirements for his Administrative Review Action in state court precluded him from raising his ADA claim in that action. Specifically, King argues that he was required to file his ADA claim by June 27, 2001, while he did not receive his EEOC right to sue letter authorizing him to pursue his ADA claim until February 4, 2002. The Seventh Circuit has explicitly rejected this argument in two pervious opinions. *See Herrmann*, 999 F.2d 223; *Brzostowski*, 49 F.3d 337.

King received his EEOC right to sue letter on February 4, 2002, nine months before the November 21, 2002 final decision in his State Case. If King wanted to assert an ADA claim, he was required to amend his State Case to include that claim before a final judgment on the merits. King could have asked the EEOC to expedite the administrative process in order to receive his right to sue letter at an earlier date. *Herrmann*, 999 F.2d at 225 ("If a plaintiff faces a looming deadline for suing on his other claims he can ask the EEOC or its state counterpart to accelerate the administrative

10

process; he will have a good cause for doing so"). Moreover, King could have requested that the state court postpone or stay the first suit until he had his right to sue letter. See *Brzostowski*, 49 F.3d at 339. However, King could not pursue his State Case to a final judgment and then bring a subsequent federal action premised on the same facts.

Because there is an identity of King's state and federal actions, the City has established that all three elements of res judicata are present in this case and thus Count I of King's federal claim is barred.

### Conclusion

For the forgoing reasons, the City's motion for summary judgment as to Count I is granted and its motion to strike King's response to its 56.1 statement is denied as moot. It is so ordered.

Enter:

MICHAEL T. MASON

United States Magistrate Judge

Dated: February 2, 2004

11